UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
2017 JUN 12 AM 11: 10
CLERK, DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| DANNY RODRIGUEZ LUJAN § § vs. § NO: MO:17-CV-00104-RAJ § DAVID GUTIERREZ, JOANIE WHITE, § MANAGEMENT & TRAINING CORP., JAMES LAFAVERS, RAYMOND GONZALEZ, DIANE WILSON, VINCENT ROBINSON | |

### ORDER *SUA SPONTE* TRANSFERRING CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

BEFORE THE COURT is Plaintiff Lujan's ("Plaintiff") Complaint filed pursuant to Title 42 U.S.C. §1983, on May 24, 2017. [docket number 1]. After due consideration, the Court finds that a transfer of this cause to the Austin Division of the United States District Court for the Western District of Texas is appropriate under the venue statutes and in the interest of justice.

### FACTS & PROCEDURAL HISTORY

Plaintiff initiated this cause of action in the Midland-Odessa Division of the Western District of Texas alleging that his constitutional rights were violated by the actions of members of the Board of Pardons and Paroles, the Management & Training Corp., as well as a member of the Texas Department of Criminal Justice. Plaintiff is currently confined in the West Texas ISF. Plaintiff fails to establish a connection with the Midland-Odessa Division, where he initially filed his complaint.

### DISCUSSION

The issue is whether this Court should consider Plaintiff's case even though the alleged unconstitutional actions took place in and around the Austin area, where all witnesses will likely be found. According to Title 28 U.S.C. §1391(b), a civil action, where diversity of citizenship is not the basis for jurisdiction, may be brought only in a judicial district (1) where any defendant resides, if all defendants reside in the same State, (2) where a substantial part of the events or omissions give rise to the claim occurred, or a substantial part of the property that is the subject

of suit is situated, or (3) a judicial district in which any defendant may be found. A majority of defendants in this case reside in the Austin area. Moreover, a district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. 28 U.S.C. §§1404, 1406; *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).

In the instant case, the actions complained of occurred in and around Austin, Texas, thus any witnesses are most likely there. The Court finds that venue is proper in the aforementioned judicial district pursuant to the dictates of 28 U.S.C. §1391(b) considering that the witnesses and unlawful actions are connected to Plaintiff's denial of parole. The Court further finds that Travis County is located within the judicial district of the United States District Court for the Western District of Texas, Austin Division. *See* 28 U.S.C. §124(d)(1). Therefore, the instant action shall be transferred to the Austin Division of the United States District Court for the Western District of Texas in accordance with 28 U.S.C. §1391(b) for the convenience of those involved and in the interest of justice.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint filed pursuant to Title 42 U.S.C. §1983 is **TRANSFERRED** to the United States District Court for the Western District of Texas, Austin Division.

IT IS SO ORDERED.
Signed this 12 day of June, 2017.

Robert Junell
Senior United States District Judge